23-3296 Karen Heeter v. Kenneth Bowers My name is Alana Tannery and I represent the appellants, Officer Kenneth Bowers and the Columbus Division of Police. I would like to reserve four minutes for rebuttal. This appeal raises legal questions regarding the denial of qualified immunity over which this court has jurisdiction. The appellants request that this court reverse the district court's denial of summary judgment and qualified immunity on the plaintiff's claims for deliberate indifference of serious medical need as well as excessive force, as well as on the state law claims under state law immunity for assault, battery, and wrongful death against both Officer Bowers and CPD. Without question, the loss of the decedent, Mr. Ben Heeter's life is tragic, but Officer Bowers is not merely quibbling with the facts. He is contending that the district court error in finding a genuine issue of material fact exists under the uncontroverted record in this case. In Scott v. Harris, the court addressed that when the record blatantly contradicts findings of fact by a district court, the court has jurisdiction to review that. Additionally... You're not conceding the facts as the district court found them could be construed in favor of the plaintiff for the purposes of this appeal. You're saying that we only have jurisdiction here if we find that the facts are blatantly contradicted by the record? Well... Or like Scott v. Harris? I'm sorry, Your Honor. Additionally, in Chappelle v. The City of Cleveland, the court found that where the defendant was challenging the court accepting the unsupported speculation of the plaintiff... I'm not saying that we can't have jurisdiction that way, I'm just trying to understand your argument of jurisdiction. If you're willing to accept the facts as the district court held they could be found based on the record and the reasonable inferences for the plaintiffs, or if you're taking a different route and saying, no, we're not going to accept those, we think what the district court did vis-a-vis the record was blatantly contradicted by it. Yes, Your Honor. We think that what the district court did was blatantly contradicted by the record. Additionally, there are legal errors with respect to whether the dispute is genuine and material. And clearly established. And clearly established, the additional issue as well. Well, what's your position based upon what in the record supports that position? On the excessive force claim, the district court found that the video evidence suggests that Mr. Heater only leaned slightly forward with nothing in his hand. Review of the video evidence does not show Mr. Heater's right hand, which is the hand that Officer Bowers alleges he made a gesture as if he was pulling a gun out of his pocket with his hand. It was both the quick motion as well as the grip that Officer Bowers saw of Mr. Heater that led him to believe that he was pulling a handgun out of his pocket to shoot at the officers. Well, the problem is I reviewed the video and I couldn't make that determination either. And I can't tell from the video what determination the jury would make in that regard. Well, Your Honor, the contention here is that the video does not show what he was doing with his right hand. What we do have in the record is Officer Bowers' testimony. And Officer Bowers testified that when he fired his weapon and used deadly force, Mr. Heater had made a movement and pulled his hand from his pocket quickly with his hand formed in a grip as if he was holding onto the butt of a gun. There is no evidence in the record that contradicts this. Well, the claims have a different interpretation of the events and of the video. And Officer Bowers' testimony disputes that. He has another story. And you're not conceding the plaintiff's view of what transpired. So there's a factual dispute. At least that's what the district court said the district court's view of it would be. Which would mean that we wouldn't have jurisdiction here. We'd have to dismiss because of the factual dispute that's unresolved. Your Honor, with respect to the video. I'd like to ask you this, too. I don't want to cut you off, but when we consider the issue of excessive force, is the entire issue reducible to the decision by the officer to fire his five shots from a military-style rifle at that moment? I say that because you have all these officers rushing in. One of them had a taser he never tried to use. Why was it necessary for all those officers to storm the room? What was in the room was the purported or alleged victim and his handgun. They could have sealed off the room and waited to try to work something out. Instead, they stormed in and shot the man five times with a military-style rifle. Why isn't the entire sequence of events, why doesn't that constitute excessive force? Your Honor, the case law is very clear that you can't consider potential bad tactics when considering whether the use of deadly force was reasonable or not. You have to look at... Within reason, but a sequence of events that leads to an execution, if that's what it was, is something altogether different. Well, Your Honor, here the officers... The district court actually found it was reasonable for them to enter the home on that claim and granted summary judgment. In this situation, they knew that he was suicidal and had a firearm and that there were the Heater's children, who were adult children, were in the house. Yeah, but the 21-year-old was in the basement and three young children were upstairs. None of them were in proximity to the room and they could have removed the children. I mean, why under these facts was it necessary to rush in and kill the man? All to prevent a suicide. Well, under these circumstances, again, when we're looking at the excessive force claim, we have to look at what happened at the moment that Officer Bowers used the deadly force. The thing I'm not understanding about your line of argument is I don't think Johnson v. Jones has anything to do with this. I think on Step 1 of Qualified Immunity, it's quite clear a jury could find excessive force here. I just don't think there's any debate about it. The video is all you need to show it's just not clear. That's what we have juries for. But there's a Step 2 to Qualified Immunity and that's a bunch of legal arguments and you're choosing to focus on Step 1. But your call, it seems to me, the only hope you have on this one is Step 2. And I probably would say the same thing about your Deliberate Indifference claim. Well, Your Honor, I will address Step 2 as well. Whether the gun was on the table or in his pocket, Step 2 is about clearly established so you should be thinking about whether there's a case like this with threats of suicide, other people around, not clear what to do, and we know he has a gun. That's all we know. Yes, there is the case Tucker v. Rombach which is a similar case where that happened where he was suicidal, he asked the officers to leave. He didn't actually point the gun at the officers but was approaching and the court did find that the officer was entitled to Qualified Immunity. I do want to address the Deliberate Indifference claim because I think... Before we move there, just stick on excessive force so I make sure I understand your argument. You would like us to decide the clearly established prong even if we accept the facts as found by the district court for example, the fact that like Sergeant Redding said the gun was on the table and so maybe he didn't even have a gun at all when Officer Bowers shot him. We should go ahead and decide the clearly established prong under the facts as the district court found them or only if we find that they're contradicted by the record and go on Officer Bowers' testimony. Yes, Your Honor, because Officer... Yes, we should go ahead and resolve based on the facts found by the district court. Well, Your Honor, I... I gave you two scenarios and you gave me a yes and I'm confused. Under either circumstance, under either version of the facts here, we would... Bowers' contensity is entitled to Qualified Immunity on the clearly established... You're arguing the alternative. If it's clearly contradicted, then you get that version of facts for clearly established. If it's not clearly contradicted, you get that version of the facts for clearly established. But can I hear your argument then based on the facts accepting them for the purposes of appeal as the district court did them. What is your argument on clearly established with the excessive force prong? Then we'll give you time to go to deliberate indifference. Well, Your Honor, I think actually what it really does boil down to is you can't see what Mr. Heder is doing with his right hand on the... No, no, no, no. The gun's on the table. It's not on his hand. Can you win on clearly established under that facts scenario? Yes, Your Honor, but... Don't go the other way. Do that one. Yeah, we're accepting the facts now as found by the district court. Yes, Your Honor, because Officer Bowers even if he was mistaken in his belief that he was pulling the gun from his pocket based on all of the circumstances up to that point considering the totality of the circumstances it was reasonable for him to believe that Mr. Heder was pulling a gun. I mean, the case is relevant is whether there's a case where the gun is within reach. Right? That's the point. Yes, and there are cases, Your Honor, for example, where Cooper vs. City of Columbus which is a recent case where the the decedent was wrestling with the police officers and reaching for a gun and the court found that the officer was entitled to qualified immunity. Another case is Lemon vs. the City of Akron. Okay, we'll look at those cases. So let's do deliberate indifference because we're already over time so try to get right to the point. Yes, and deliberate indifference, Your Honor. In Wilkerson vs. City of Akron the court found that when an officer promptly summons aid after causing harm. Okay, so I think the thing you need to focus a little bit on in this one is you can think the rule is all you got to do is call and then you can just go take a smoking break. As long as you've called it's never deliberate indifference. It seems to me you ought to come to grips with the idea well, is that really the case if someone's bleeding out? Like that has a short timeframe on it when medical help becomes irrelevant and it seems to me you can look at that argument that issue through the lens of well, they only sued Heater once he knew there was a call he was only there oh, sued the officer not Heater Wright. So once they knew the call was there he was only there for three of the eight minutes you can't sue him for deliberate indifference because it was only three minutes he knew the call had been made but that's the way we get your idea there's a bright line rule so don't talk about that anymore what you think there is try to deal with the next layer down which is why the case is hard Your Honor, yes at a minimum it is not clearly established that Officer Bowers had to provide first aid under the circumstances of the case because of those cases that I just discussed What if he'd been there by himself? Even if he had been there by himself I think by summoning aid based on the case law from the circuit he would believe that he was in compliance with the law by summoning aid I mean the blood just going he's not even under him I mean the scenario just make up a different set of facts it's just obvious someone's bleeding out You just say I called and that's that? Is the point that they're gonna make things worse? Is that what we're supposed to think about? Well there is that there's no bright line constitutional rule in every circumstance an officer has to go hands on and provide first aid because there could be a circumstance where Can I ask about a situation these are all a little bit dark situations in these cases if you have someone who has attempted suicide by hanging themselves which we see unfortunately in a prison and the guard calls for help and then stands there for three minutes and waits and does nothing qualified immunity? Well I think that's a different factual scenario If you see the person like maybe in this instance you hear moaning you hear struggling to breathe the person is not deceased yet and you're gonna you call for help so that's great and you're gonna wait for three minutes while nothing happens but you called do you say in that instance there's qualified immunity? No no I think hanging is a little different than the gunshot wounds that issue in this case and the sergeant on scene made the on the scene assessment that first aid would have been futile in this circumstance. But that one that brings us into facts land I'd love to keep us in law land if you want us to have jurisdiction so stick with stick with my scenario I think under the law under Wilkerson under Stevens-Rutgers and under Hicks the law is clear that if they summon aid and do not recklessly What about helping versus Stewart County? Well in that one we had a gentleman hanging in his cell and the guard called the paramedics but he did not try to do and we said no qualified immunity Your Honor with all due respect I do think that the facts are different enough where under the circumstances of this case a reasonable officer would not The only thing that's different and that I was trying to suggest you think about because it's the only thing I can think about is there were a bunch of people I don't was he was Bowers in charge? No there was a sergeant on the scene Bowers is an officer and after the shooting he had been told to leave the room because he was on point and he was on point right? He was the one with the patrol rifle after the shooting left after three minutes he had heard the sergeant summon the medical aid air over the radio for the medic and he saw that The sergeant didn't say handcuff him and leave him alone No the sergeant didn't say that You know there's a distinction between when a person is in need of aid and the aid is not rendered and when someone in this case the officers inflict the injuries and then don't do anything under the video here there's an argument to be had that the officers made the person who experienced the gunshot wounds made his condition even worse because he's totally incapacitated he revives to moan just to make sounds of distress but virtually unconscious he's lying on his stomach which is not a good position if you've been shot in the torso because all the blood is going to rush out that way because the entry point is where the blood comes out but instead they don't render aid but they proceed to fiddle around with the man to put handcuffs on him he's been he's totally totally incapacitated from five shots into his torso no way he could ever be of any danger to anyone but they spent all this time fiddling around having a hard time getting handcuffs on him and then after that they stop and just leave him there and they have a conversation and they're standing around as indicated by the video that's and then when the EMS finally comes they act as though they don't want to get down on the floor I guess they don't want to get their trousers dirty they don't get down on the floor I mean the whole thing was a complete fiasco at least one of the officers claimed he could administer CPR which he makes no effort to do that's that's not a recipe for officers who want to be free of legal liability have I misstated anything in terms of the facts that's shown on the video your honor I have to go back to those cases and say that the state of the law as of November 21st 2018 would not put a reasonable officer on notice that he was violating Officer Bauer specifically who is the officer we have to look at that his conduct was deliberately indifferent to the serious medical needs of Mr. Heater you'll get your full rebuttal we'll hear from the other side thank you good morning I'll start you with the Johnson vs. Jones question it's always puzzled me these Johnson vs. Jones arguments brought by plaintiffs who've won below and it's just so strange to me that they don't seem to want an appellate decision that tells what the clearly established law is and if it goes the right way insulates a jury verdict from reversal and get an appellate decision that says whether there's a triable issue of fact about each constitutional claim because if it goes their way any jury verdict in their favor is insulated from review because you have a decision saying there was a triable issue of fact you have a decision saying pronged to have qualified immunity doesn't apply I get the idea there's a risk on appeals so I get the idea why someone might say better to say no jurisdiction we'll save all these issues for later but it is funny to me why as a matter of tactics you would prefer us to go down the Johnson vs. Jones route which I assume you still do you still want us to say no jurisdiction over the appeal yeah I guess if I understand the point I'm making if I were in a perfect world and I had to pick between you know a merits review right now and we get a no jurisdiction loctite ruling from this court that'd be one thing the reason I think that you're not gonna see I guess ideologically consistent plaintiffs attorneys taking that tactic is that this court must satisfy itself of appellate jurisdiction in the first place and so I'm not gonna ever dodge the jurisdictional question as a matter of sort of deference to the courts responsibility to only decide appealable cases so we did you were made to do it okay even better I think we'd have to think about it whether you move forward or not so better get your argument before us the practical reason though I can tell you is that it's very different to file two sets of briefs than it is to do one and if we have to pick between one or two appellate proceedings I'd rather pick one so we are still asserting that this court lacks appellate jurisdiction my argument today let's talk Johnson vs. Jones you do agree we have jurisdiction over any clearly established point that's law only yes your honor and you do agree in video cases this is a video case that we have authority to decide whether the district court's inferences were plainly contradicted right sure and I think you would agree it's very hard to figure the line between plainly contradicted and contradicted it's very difficult to figure out that line contradictions are in the eye of the beholder I suppose yeah I think of 24 judges on this court we would have a very hard time pinning down when you're in the Scotland and when you're on normal inference giving I think so that's a very hard jurisdictional test to implement I understand that is the reason why we made so many arguments along the lines of abandonment and waiver if you read the opening brief which is where an appellant is supposed to be making all of their arguments I'm entitled to fair notice of what I'm supposed to be opposing as an appellee so if you look at the opening brief there are no arguments that are cast in terms of here's what the judge determined within his discretion a jury could find under those facts the law does not the law requires qualified immunity that argument was not made and if you look at the briefs I mean the argument on excessive force was that the ruling was quote not supported by the evidence in the record brief pages 23-24 on deliberate indifference they argue futility which I'm not even actually sure is a qualified immunity issue properly but in any case they didn't say hey this officer had first aid care he knew that it wasn't going to matter and therefore under that set of facts which is conclusive he was entitled to qualified immunity they didn't argue that they didn't pay any lip service at all to the fact are you saying clearly established has been forfeited? no I'm saying appellate jurisdictional arguments have been forfeited I'm saying that they didn't make any arguments jurisdictional is not forfeited sorry I think I misunderstood you when you asked it yes that prong too sorry they have forfeited clearly established yes all the arguments in the opening brief went to the first prong violation factual matters or at least they forfeited clearly established based on the district court's fact finding as opposed to based on a different view of the fact finding yes your honor and as I understand it they must for this court to decide this issue for them they must have made arguments that accept as true a version of the facts that's in the light most favorable to my client well it just takes you know what I'm going to say it just takes the fact clearly established over the facts that aren't plainly contradicted by the video so I suppose we should go there we're just stuck with that problem sure I mean it really is a very hard doctrine to implement I must say I don't doubt it I will before I move on it's not necessarily your fault it's in all the case law I practice in front of the courts that I got right so what I will say though before we move on from jurisdiction is that's oh go ahead if you have one more jurisdictional thing go on yes I there's absolutely no basis for this at least no preserved basis no argued basis for this court to assert jurisdiction over the state law claims revised code sections that create appellate jurisdictions for state courts don't apply to this court congress would have to pass a law like that it's the only basis for jurisdiction asserted over the state law claims so you're saying if there's no jurisdiction over the federal there's not over the state is that your point I no actually I'm saying that any argument that pendent jurisdiction would apply here that this court should accept jurisdiction over those questions actually was waived and forfeited in the opening brief as in Owens v. Ware the court was actually asked to assert pendent jurisdiction we don't have that here I see so just on deliberate indifference yes I think we get the hanging example you're the only one there example someone's bleeding out so we get that but it is this is a little different right I mean because he's not in charge it's true he shot he's true he's point but someone is called and I just don't know anything about this but I could imagine a world in which someone says okay I was the lead guy because I'm the I'm supposedly good with a rifle but I'm not I'm not the expert on the medical I'm not even second third best in this group this is on the group or the sergeant now that the doctor's been called my job is done now I'm not saying that's right I'm just trying to say that doesn't seem obvious to me it seems like you were getting very close to vicarious liability on Bowers for what the sergeant and others did not do is how I'm thinking about it or worried about it well it's 1983 claims so we're talking about individual liability it's for the officers correct and so it would be odd to me if it mattered for this court that the first time that Mr. Bowers waited to ask permission before taking action was when there was a man dying on the ground bleeding out he didn't ask before he had to shoot he didn't ask before he entered he declared we should go and get the gun right now I don't think that a jury would buy that and certainly they wouldn't have to buy that but he in that moment but go ahead I mean I think you're along the lines that he's being inconsistent he was not afraid to take responsibility for one thing why would he be afraid to take responsibility for the other and I'm it's a matter of permission no I just I don't know that you could even on this record make the argument to the jury that he was required to ask permission before engaging in something or that he was supposed to take direction certainly directions were given to him in that moment why is he the one responsible why is he the one responsible of whatever the group is why is he the one responsible for this certainly they're all responsible but we sue him isn't it in the policy documents that are in the record from the Columbus Police Division Directive that I'm reading off of that page ID has taken out but document 21-4 that when you have use of force resulting in serious physical harm to or death of a human any of the involved this is directions for involved personnel so applies to all of them A is cause any needed medical aid to be rendered doesn't it put the obligation on all of them certainly I think there are also important facts here which do not appear in just again do not appear in the appellant's brief but he was trained in basic first aid and Judge Sutton I think you were asking questions about whether certain situations are so obvious. What's the best case on the clearly established point? Sure we're relying on Scazzari and Owensby. Owensby starting off in 2005 is very clear that it's summon aid or provide it right it's an obligation to do both and actually in summoning or providing or summoning aid or and providing and then in Scazzari the dissent had said no no Owensby only stands for the proposition that you must summon the aid after you've secured the scene and the panel said no no no Owensby said you must also provide the aid certainly in a moment like this where somebody is actively bleeding out on the floor where it's not just providing medical care it's providing medical care right now that's the denial in a case like this my understanding in Owensby they talked about how whether or not it would be futile the denial is failing to try in that moment there are some injuries that are so obvious that you need to place a hand over a gushing wound it's the reason that stopping the bleeding of a gushing wound is a commonly used example for situations in which people must act that's a lay person's example that's something that I learned in grade school there are some injuries that are so obvious that police officers need to and certainly I would agree with Judge Blumkatz that the policy firms it up significantly here there's certainly enough for this court to decide that the officer was on notice but he had to do something in that moment and nobody was stopping him he just stood there for several minutes and even when it was his turn to take his gun outside somebody else offered to do it so he had no further responsibilities they were just milling around and they were asking each other if they were okay fully recognizing that in that moment they should be caring about whether other human beings in the room were okay and I think that's what this case ultimately should and can stand for before I waste the rest of my time talking about that I'd like to get on to excessive force we are relying on the Sample v. Bailey case I think that's at least under the version of the facts that the district judge determined the jury could find that's analogous enough on the key points that all the officers involved would have been on notice where was the gun in that case? there was no gun in that case there was suspicion of a gun that's the best I thought you had better cases than that on a gun being around certainly Judge Marbley had some better cases in his decision we leaned in on why don't you tell us because it does seem gun is significant when you're an officer I think we all would agree I think gun is sufficient to create an immediate fear of serious harm depending on how it's being used in the moment the best version of the facts for us which we're entitled to is that the gun was sitting on the table probably behind the cat certainly the last thing Officer Bowers said before he fired shots was I see the cat, where's the gun I think in that moment my client my client's deceased husband took a small step to the left he was no closer to the table than he had been before and under those facts you can't determine that he was doing anything but complying with orders to remove his hands from his pocket that had been given to him at loud volume repeatedly before that sample is very similar in that the individual there was hiding in a cabinet they didn't know whether he had a gun on him and they had no reason to believe he did have a gun on him which is a slight difference but they certainly had no reason to believe he was going to use a gun on them which is the case here he then puts his hand out as he was told he was told to show his hands he did and was shot then that is on all fours with this case that's exactly what happened to Billy Heater he's standing there near a gun the officers didn't even go in the room until they could determine that he had set the gun down so it's not in his hand all of this argument that he may have had the gun in his pocket that he was pointing it that was not even that was conceded below the city conceded during the oral argument with the district court that no officers saw a gun in his hand can I take you to a few questions not on the excessive force point just one and this may not be an issue that affects this case but about a month before the district court's decision there was a precedent from our court I didn't ask you to address it so if you're not familiar I apologize the Helfenstein case where we started to make a differentiation between the standards for like an 8th amendment deliberate indifference case and a 14th amendment case like here where there's lack or an allegation of lack of adequate medical care and we moved from a stronger knowing type standard or deliberate type standard to a recklessness type standard I don't believe it would apply at all in the clearly established prong because obviously our president was not out at the time but do you think it makes a difference for the first prong of our qualified immunity analysis I don't think it could in this case the district court found not find, nobody finds anything on summary judgment but the district court determined that a jury could find that recklessness was established and both yes, yeah, yeah, yeah recklessness overall under state law recklessness is a broader thing obviously but certainly I think the district court's determinations which are deference on a denial of summary judgment would meet either standard I suppose that's what it seems to me okay and then one other question also about slightly ancillary thing you mentioned that you don't think we have jurisdiction under any of these Ohio state law issues but assuming we disagree with you on that do you have an argument for why revised code 27 4402 doesn't provide immunity for the city or for the city kind of vis-a-vis the claim against officer Bowers in his official capacity I see the argument in your brief about 27 44 .03 but that's about the officer in his individual capacity right as an employee and I'm trying to understand the claim as to the city and quite frankly I don't see it in the district court's decision either we did not make an argument on that our argument in the briefing was exclusively tailored to the possible finding of recklessness which would overcome individual employee immunity under political not the 02 okay thank you for clarifying that with that we would ask the court to affirm and remand for trial thank you so much thank you your honors I would like to pick back up on the deliberate indifference claim and I do want to say that we are not in any way challenging the district court's factual findings on the deliberate indifference claim the district court found the reason that a jury could find officer Bowers to be deliberately indifferent was because he didn't provide first aid and had handcuffed him Bowers does not dispute that that occurred what we are saying is that he actually was not deliberately indifference and the law was not clearly established and your honor I want to point to the specific facts in Wilkerson versus the city of Akron and in that case they had shot the decedent cuffed him and radioed for an ambulance he was conscious screaming in pain and bleeding though not profusely noticing that the breathing was labored an officer radioed again to tell the ambulance to step it up and the decedent died at the hospital a half hour later in that case the court found that the officer was not deliberately indifferent and also in Stephen records versus city of Columbus which was also decided before this case there officers had shot the decedent a number of officers converged on the scene they placed him the decedent in handcuffs and although no officer attempted to provide emergency medical assistance an audio recording indicates that the rescue squad was summoned and a medical squad arrived about 15 minutes later even what goes if I remember there's a lot of focus on the fact that everybody kind of believed that intervention really wouldn't have done anything do we have more of a dispute in this case on the futility issue I mean I don't remember in the district court fact finding that he said you know based on the record there's no material dispute that this officer would have known anything he tried to do wouldn't have mattered your honor I don't believe there's a dispute sergeant writing in his affidavit said that he believed first aid would have been futile under the circumstances there's no expert or anything to contradict his on the scene assessment but the district courts were back to the district courts fact findings that you're not contesting on this claim didn't say that you know it was undisputed or reasonable that officer Bowers would have thought any help here would be futile like we had in the Steven Rutgers case I don't believe that that was part of the basis of the decision the district court's decision just says that first aid should have been required and the state of the case law at the time of this incident I don't think supports that and at a minimum it wasn't clearly established that officer Bowers would have had to provide first aid under the circumstances so that is the deliberate indifference claim with respect to the excessive force claim it's undisputed that officer Bowers knew that Mr. Heater had a gun they were called there because he had a gun and was threatening suicide his wife confirmed he had a gun sergeant Redding saw the gun once they went in the house officer Bowers was looking for the gun and didn't see the gun on the table Mr. Heater had his hands in his pocket and because officer Bowers didn't see the gun on the table he reasonably believed that the gun was in the pocket so this is a very different case than samples this is a case where we know that Mr. Heater either had a weapon on his person or on the table under either circumstance in that case the presence of the gun doesn't make a difference because in that first case there's no gun in this one there's a gun either in pocket or table and in this case that's why he would be entitled to qualified immunity under either circumstance because the gun was either within reach or in his pocket and under this court's case law officer Bowers had a reasonable belief that he was pulling the gun to shoot at the officers and that's when he fired his weapon Thanks very much to both of you for your briefs and arguments thanks for answering our questions which we always appreciate the case will be submitted and the clerk may